**Affirmed and Opinion filed January 14, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00236-CV

---

**DENNIS WALKER, Appellant**

**V.**

**LARRY SCHION, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-63740**

---

### O P I N I O N

In this interlocutory appeal, the plaintiff in this defamation suit contends that the trial court erred in granting the defendant's motion to dismiss pursuant to the Citizens Participation Act. Because the trial court struck the only evidence that the plaintiff offered in opposition to the motion and the plaintiff does not challenge that evidentiary ruling on appeal, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the pleadings in this case, appellant Dennis Walker is a sergeant with the Jacinto City Police Department and appellee Larry Schion was the father of a person that Walker arrested in June 2012. Schion passed away while this appeal was pending, but pursuant to Texas Rule of Appellate Procedure 7.1(a)(1), we adjudicate this appeal as if all parties were alive.

In his pleadings, Walker alleged that after he arrested Schion's son, Schion defamed him to Jacinto City's police chief Joe Ayala and in public addresses to the city council in an attempt to have Walker fired. Walker sued Schion for (1) defamation, (2) "intentional interference with a contract/ business relationship," and (3) intentional infliction of emotional distress.

Pursuant to the Citizens Participation Act, Schion moved to dismiss Walker's claims. He supported the motion with evidence that Walker's suit was filed in response to Schion's exercise of his constitutional rights to free speech and to petition the government. To defeat the motion as to each of his causes of action, Walker was required to produce "clear and specific" evidence establishing a prima facie case for each element of his claims. In his response to the motion, Walker relied solely on his own affidavit. He also filed a motion for limited discovery to permit him to depose Schion and Ayala. Schion objected to Walker's affidavit and moved to strike it on the grounds that (1) it was not based on personal knowledge; (2) Walker's statements were based on hearsay; (3) Walker made a qualified statement that "to [his] knowledge" he had never been suspected of the wrongful conduct Schion alleged; and (4) Walker did not assert that the matters asserted in the affidavit were true.

The trial court granted the motion to dismiss. Two days later, Schion filed a "motion to enter order on objection, and motion to enter judgment." He attached a

proposed order that he asked the trial court to sign, explaining that he had raised his objections to Walker's affidavit in the reply to the motion to dismiss, but had not previously submitted a proposed order on the objection. A few days later, Walker filed a motion to reconsider in which he asked that the trial court "at a minimum identify the reasoning for its ruling." The trial court signed the order sustaining Schion's objections to Walker's affidavit, thereby excluding all of the evidence that Walker had offered in his opposition to the motion to dismiss. The trial court then signed a final judgment of dismissal, awarding Schion $7,370.84 for attorney's fees incurred in the trial court and conditionally awarding $9,000.00 for additional attorney's fees in the event of an unsuccessful appeal.

## II. ISSUES PRESENTED

Walker argues in his first issue that the trial court erred in granting the motion to dismiss because his affidavit contained clear and specific evidence of a prima facie case of each element of his defamation cause of action. He argues in his second issue that the trial court reversibly erred in denying Walker's request to depose Schion to obtain evidence of malice in support of his defamation claim.[1]

## III. ANALYSIS

The Texas legislature enacted the Citizens Participation Act "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West Supp. 2013). To achieve these ends, the legislature provided

---

[1] Walker does not appeal the dismissal of his claims of "intentional inference with contract/ business relationship" and intentional interference of emotional distress, and does not challenge the trial court's refusal to permit him to depose Jacinto City's chief of police.

3

that if a legal action is brought in response to a person's exercise of certain constitutional rights, that person may move to dismiss the action. *Id.* § 27.003(a). The movant bears the initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to the party's exercise" of the constitutional rights to which the statute is directed. *Id.* § 27.005(b). If the movant satisfies this burden, then the trial court must dismiss the legal action unless the party who brought the action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

**A.    Because the only evidence Walker cites in support of his defamation claim was struck by the trial court in an unchallenged evidentiary ruling, we cannot consider that evidence on appeal.**

As this court recently explained, "we determine *de novo* whether the record contains a minimum quantum of clear and specific evidence that, unaided by inferences, would establish each essential element of the claim in question if no contrary evidence is offered." *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 727 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The contours of a defamation claim depend in part on whether the plaintiff is a public figure and whether the statements are about a matter of public concern. Walker acknowledges that the allegedly defamatory statements were made about his conduct as a police officer, and in that role, he is considered to be a public figure. He additionally agrees that the statements relate to matters of public concern. He therefore was required to respond to the motion to dismiss with clear and specific evidence that Schion made statements that (1) were false, (2) were statements of fact, (3) were defamatory, (4) were made with malice, and (5) caused Walker to sustain damages. *See Bentley v. Bunton*, 94 S.W.3d 561, 577, 580 (Tex. 2002).

Taking these elements in the order listed above, Walker was first required to

4

produce clear and specific evidence that Schion's statements were false. His appellate argument on this element consists of the single sentence, "According to Officer Walker's affidavit, each of the statements made are false." Walker fails to mention, however, that Schion objected to the affidavit and asked the trial court to strike it, and the trial court sustained the objection. Because Walker has not challenged that evidentiary ruling on appeal, we may not consider his affidavit as evidence.

The fact that the trial court's ruling on the motion to dismiss is reviewed *de novo* does not relieve an appellant who wishes to rely on excluded evidence of the obligation to challenge the trial court's evidentiary ruling. We note that, in the summary-judgment context, we cannot consider evidence that was excluded by the trial court unless that evidentiary ruling is timely and successfully challenged on appeal. *See, e.g.*, *Izaguirre v. Rivera*, No. 14-12-00081-CV, 2012 WL 2814131, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2012, no pet.) (mem. op.) ("Because the trial court granted Rivera's motion striking all of Izaguirre's summary-judgment evidence and that ruling has not been challenged, no evidence supports Izaguirre's appellate arguments."); *In re K.R.S.*, No. 14-07-00080-CV, 2008 WL 2520812, at *2–3 (Tex. App.—Houston [14th Dist.] June 24, 2008, no pet.) (mem. op.) (holding that the reviewing court must affirm summary judgment where the appellant waited until it filed a reply brief to challenge one of the grounds on which the trial court struck its summary-judgment evidence); *York v. Samuel*, No. 01-05-00549-CV, 2007 WL 1018364, at *3 (Tex. App.—Houston [1st Dist.] Apr.5, 2007, pet. denied) (mem. op.) (explaining that because the appellant failed to challenge the trial court's ruling that affidavits relied upon were hearsay, the evidence could not be considered on appeal). We apply a similar principle here.

Because Walker does not challenge the ruling sustaining Schion's objections

to his affidavit and excluding that evidence from the trial court's consideration, that evidence also is removed from our consideration. We accordingly cannot conclude that this evidence established each essential element of his defamation claim. We therefore overrule Walker's first issue.

**B.** **Because Walker does not challenge the ruling excluding evidence of other elements of his defamation claim, he cannot show that the trial court erred in failing to permit him to depose Schion on the element of malice.**

In ruling on a motion to dismiss pursuant to the Citizens Participation Act, the trial court "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). The Act further provides that "[o]n a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b). In his second appellate issue, Walker contends that the trial court reversibly erred in failing to grant the portion of his motion for limited discovery in which he asked for leave to depose Schion to gather evidence that Schion acted with malice in making the defamatory statements at issue.

Although Walker asserts that the trial court's ruling constitutes reversible error, he does not address the standard by which we should review the trial court's ruling. Schion, on the other hand, points out that the legislature provided that the court "*may* allow" discovery, and argues that under the Code Construction Act, the word "'[m]ay' creates discretionary authority or grants permission or a power." *See* TEX. GOV'T CODE ANN. § 311.016(1) (West 2013).

Although we have found no other cases specifically addressing the standard of review applicable to the denial of a motion for discovery under the Citizens Participation Act, we agree with Schion that the abuse-of-discretion standard

6

applies. This approach is consistent not only with the permissive language of the statute, but also with the longstanding general rule that a trial court's denial of discovery is reviewed for abuse of discretion. *See, e.g.*, *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009) ("We review a trial court's actions denying discovery for an abuse of discretion." (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991))). *See also In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam) ("Generally, the scope of discovery is within the trial court's discretion." (citing *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam))).

Here, however, Walker has failed to establish that the trial court abused its discretion in failing to allow him to depose Schion to gather evidence of malice in support of his defamation claim. As previously discussed, Walker could defeat the motion to dismiss only if he established "by clear and specific evidence a prima facie case for *each* essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) (emphasis added). But as a result of the trial court's unchallenged ruling sustaining all of Schion's objections to Walker's affidavit, there is no evidence of other elements essential to the claim. Walker asserts that the trial court's refusal to permit him to depose Schion deprived him of evidence of one element of his claim—the element of malice—but he has never argued that deposing Schion would have provided evidence of *every* essential element of the claim. And because he has not challenged the trial court's ruling effectively striking his affidavit and eliminating all of the evidence offered in support of the elements of his claim, he cannot show that the inability to obtain testimony from Schion in support of the single element of malice could have made any difference. *See* TEX. R. APP. P. 44.1(a) (a judgment in a civil case may not be reversed due to

7

an error of law unless the error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals"). We accordingly overrule the second issue presented.

## IV. Conclusion

Having overruled each of the issues presented, we affirm the trial court's judgment.


/s/    Tracy Christopher
Justice



Panel consists of Justices Boyce, Christopher, and Brown.