**Affirmed and Memorandum Opinion filed July 2, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00564-CV

---

### VINCENT ZAHORIK, Appellant

### V.

### METROPOLITAN LIFE INSURANCE COMPANY, MOHSIN NOON, AMY CATCHING, AND SUZANNE WYZINSKI-SMITH, Appellees

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2011-61851**

---

## M E M O R A N D U M   O P I N I O N

This case arises from the allegedly wrongful termination of appellant Vincent Zahorik. After his termination, Zahorik sued appellees Metropolitan Life Insurance Company ("MetLife"), Mohsin Noon, Amy Catching, and Suzanne Wyzinsky-Smith (collectively, the "MetLife Parties") for defamation and other causes of action not at issue here. On appeal, Zahorik challenges the trial court's exclusion of his summary-judgment evidence, the granting of summary judgment

on the defamation claim, the denial of his motion for leave to amend his pleadings, and the denial of his motion to extend the discovery period. We affirm.

## FACTS & PROCEDURAL BACKGROUND

MetLife hired Zahorik in March 2006 as a Financial Services Representative. MetLife terminated Zahorik's employment in March 2010. Zahorik filed this lawsuit against the MetLife Parties in October 2011. In addition to claims against MetLife that are not relevant to this appeal,[1] Zahorik brought a claim for defamation against the MetLife Parties.

The MetLife Parties filed a hybrid motion for summary judgment. With regard to the defamation claim, the MetLife Parties asserted that Zahorik's claim was barred by limitations, there is no evidence that the MetLife Parties published defamatory statements concerning Zahorik, and there is no evidence that Zahorik suffered damages as a result of the allegedly defamatory statements.

Zahorik responded to the MetLife Parties' summary-judgment motion. In support of his response, Zahorik attached three affidavits as evidence: (1) his own affidavit; (2) the affidavit of Taimur Qadir, a former coworker; and (3) the affidavit of Kay Boyd, another former coworker. The MetLife Parties objected to Zahorik's summary-judgment evidence on various grounds. The trial court sustained in part and overruled in part the MetLife Parties' objections.

Ultimately, on June 24, 2014, the trial court granted the MetLife Parties' motion for summary judgment in its entirety. The trial court did not state the grounds upon which it granted summary judgment.

---

[1] Zahorik brought claims against MetLife for breach of contract, quantum meruit, fraud, and tortious interference with prospective business relations but does not appeal the grant of summary judgment on those claims.

Zahorik timely appealed the trial court's judgment. He presents four issues on appeal. First, Zahorik claims that the trial court abused its discretion in sustaining the MetLife Parties' objections to his summary-judgment evidence. Second, Zahorik asserts that the trial court erred in granting summary judgment on his defamation claim. Third, Zahorik complains that the trial court erred when it did not allow him to add a *Sabine Pilot*[2] claim to his petition. Fourth, Zahorik complains that the trial court erred when it did not reopen discovery after granting the MetLife Parties' a continuance.

## DISCUSSION

### A. Zahorik's Summary-Judgment Evidence

In his first issue, which we divide into three sub-issues, Zahorik contends that the trial court abused its discretion when it sustained the MetLife Parties' objections to his summary-judgment evidence. We review a trial court's rulings concerning the admission of summary judgment evidence for abuse of discretion. *Wolfe v. C.S.P.H., Inc.,* 24 S.W.3d 641, 646 (Tex. App.—Dallas 2000, no pet.). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f).

Zahorik attached his own affidavit, the affidavit of Taimur Qadir, and the affidavit of Kay Boyd to his response to the MetLife Parties' motion for summary judgment. We address each affidavit in turn. Additionally, because Zahorik is appealing the summary judgment only as it pertains to the defamation claim, we consider the trial court's evidentiary rulings only to the extent they are pertinent to

---

[2] *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985).

the defamation claim.

The first sub-issue relates to Paragraphs 10 and 11 of Zahorik's affidavit. Paragraph 10 states in pertinent part:

> Qadir also stated that, after my termination, MetLife's management team, and Noon in particular, disseminated false information concerning me in an effort to destroy my reputation, such as that I had been convicted of crimes including drug possession, conspiracy, involvement in organized crime, and drug trafficking. This false information was sent and/or communicated to clients, employees, and previous employees with the intent to destroy my credibility and disrupt potential employment in the financial services industry.

MetLife objected to the entirety of Paragraph 10 on hearsay grounds. The trial court sustained the objection to the extent the statements were offered for the truth of the matters asserted.

To the extent Zahorik was offering the statements in Paragraph 10 to prove the truth of the matters asserted—that is, to prove that the MetLife Parties published defamatory statements about him—the statements were inadmissible hearsay. Hearsay is an out of court statement, other than one made by the declarant, offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is generally inadmissible. *Id.* 802. The statements allegedly uttered by Qadir about what a MetLife employee allegedly told him were made out of court and repeated by Zahorik. Zahorik offered Qadir's statements to establish that MetLife employees were discussing Zahorik's allegedly illegal activities. Because Zahorik is seeking to establish a defamation claim based on what MetLife employees allegedly said to Zahorik's colleagues and former clients, for purposes of the hearsay analysis, the crucial inquiry is whether the MetLife employees made the remarks. Zahorik clearly offered the statements of these out-of-court declarants to establish the truth of the matters asserted—i.e., to prove MetLife employees said

4

these things to Qadir and others. A trial court cannot consider hearsay evidence in ruling on a motion for summary judgment. *Dolcefino v, Randolph*, 19 S.W.3d 906, 927 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Therefore, the trial court properly excluded these statements in ruling on MetLife's no-evidence motion for summary judgment.

Similarly, MetLife objected to the entirety of Paragraph 11 on hearsay grounds. Paragraph 11 states:

> Since January 2011, I have contacted numerous former colleagues from my employment with MetLife who have since obtained positions with other insurers and/or sales agencies, in an effort to gain a referral for employment. Each has refused my requests specifically citing untrue things they were told about me by MetLife's management following my termination. I have also contacted several former clients, who have similarly stated that, following my termination, they were contacted by MetLife and told that I was convicted of and engaged in illegal activities, including drug possession, drug trafficking, and organized crime.

Like Paragraph 10, Paragraph 11 contains out of court statements not made by Zahorik offered to prove that employees at MetLife published defamatory statements about him. The statements are inadmissible hearsay, and the trial court properly excluded them in ruling on MetLife's no-evidence motion for summary judgment.

Zahorik urges that the allegedly defamatory statements contained in Paragraphs 10 and 11 were not hearsay because they were statements made by a party opponent. *See* Tex. R. Evid. 801(e)(2). Even if we assume that the alleged declarations were statements by a party opponent and therefore not hearsay, the witness testifying to the party's statement—Zahorik in this case—must have firsthand knowledge of the party's admission. *See Hughes v. State*, 4 S.W.3d 1, 6 (Tex. Crim. App. 1999); Brown & Rondon, *Texas Rules of Evidence Handbook*

813 (2014); *see also Grewal v. Hickenbottom*, No. 04-03-00339-CV, 2003 WL 22295373, at *3 (Tex. App.—San Antonio Oct. 8, 2003, pet. denied) (mem. op.) (father's affidavit testimony repeating son's statements about what declarant said was inadmissible double hearsay). Because the record indicates that Zahorik did not have firsthand knowledge of the allegedly defamatory statements but rather knowledge gained from his colleague Qadir and from his former clients, the evidence was also inadmissible under rule 801(e)(2). We overrule the first sub-issue.

The second sub-issue relates to Paragraph 10 of Qadir's affidavit. Paragraph 10 states:

> After Zahorik's termination, I was present during meetings in which MetLife's management team, and Noon in particular, discussed disseminating false information concerning Zahorik in an effort to destroy Zahorik's reputation. The MetLife Management Team, and Noon in particular, talked about disseminating information that Zahorik had been convicted of crimes including drug possession, conspiracy, involvement in organized crime, and drug trafficking. MetLife's management team, and Noon in particular, said they intended to, and in fact transmitted both written and verbal communications about Zahorik to clients, employees, and previous employees with the intent to destroy Zahorik's credibility and disrupt his potential employment in the financial services industry. This practice continued even after Zahorik provided dismissal information of all criminal charges to the MetLife's management team.

The MetLife Parties objected to the phrase: "and in fact transmitted both written and verbal communications about Zahorik to clients, employees, and previous employees with the intent to destroy Zahorik's credibility and disrupt his potential employment in the financial services industry." The MetLife Parties stated four grounds for its objections: (1) the allegations are conclusory; (2) the allegations are not based on facts; (3) the allegations are possible hearsay; (4) the phrase is

incompetent summary-judgment evidence not capable of being readily controverted. The trial court sustained the objections but did not specify its grounds for excluding the testimony.

Zahorik claims in his appellate brief that the trial court erred in sustaining the MetLife Parties' objections to Paragraph 10. He then quotes a portion of Paragraph 8 in his argument, and concludes that rule 801(e)(2) renders the excluded portions of Paragraph 8 admissible. He does not, however, directly address each of the MetLife Parties' objections to Paragraph 10. "When an appellee objects to evidence on several independent grounds and, on appeal, the appellant complains of the exclusion of the evidence on only one of those grounds, the appellant waives any error by failing to challenge all possible grounds for the trial court's ruling that sustained the objection." *Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see In re Estate of Blankenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.). Because Zahorik failed to challenge on appeal all the possible grounds for the trial court's ruling, he has waived error with respect to the exclusion of the third sentence of Paragraph 10 of Qadir's affidavit. Accordingly, we overrule the second sub-issue.

The third sub-issue relates to Paragraph 3 of Boyd's affidavit. Paragraph 3 states:

> After I left MetLife I began my employment with Sovereign Investment Group. I periodically discussed with Zahorik the possibility of his coming to work for Sovereign Investment Group as an Investment Adviser Representative. After Zahorik's termination from MetLife in March 2010, I received a communication from an employee of MetLife stating that Zahorik had been terminated because he had been convicted of drug possession, conspiracy, involvement in organized, and drug trafficking.

7

The MetLife Parties objected to the third sentence of Paragraph 3 as conclusory, irrelevant, and not capable of being readily controverted. The MetLife Parties based their objections on the fact that Boyd did not identify the employee who communicated with her and did not allege that the employee was a member of MetLife's management team—i.e., one of the named defendants. In his response to the objections, Zahorik argued that Boyd's failure to identify the speaker goes to the weight of the evidence, not its admissibility; Boyd's testimony is relevant to the issue of harm; and Boyd's testimony is corroborated by Qadir's affidavit. The trial court sustained the MetLife Parties' objections without identifying which objection it had sustained.

This third sub-issue is inadequately briefed. An appellate brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). The entirety of Zahorik's contentions on this sub-issue consist of the following:

> Both these areas ignore this is firsthand knowledge of the witness and the Defendants/Appellees objection notwithstanding goes to the weight of the evidence and not the admissibility of same. Boyd's affidavit provided she too was part of management and worked as the Agency Sales Director for Defendant (CR. at 906). Her affidavit makes it clear the promise to Zahorik was firsthand knowledge. In addition, whether Boyd conveyed to Zahorik what she heard, the affidavit actually is directed at what she told Zahorik and why she could not offer him a job (goes to the mitigation of damages and inability to obtain employment in the industry). Defendants' argument before of the affidavit being conclusionary and irrelevant is not well-founded.

Zahorik's brief fails to cite any legal authority addressing the substance of the MetLife Parties' objections. By failing to adequately brief this sub-issue, Zahorik has waived it on appeal. *See id.*; *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Haas v.*

*George*, 71 S.W.3d 904, 914 (Tex. App.—Texarkana 2002, no pet.). Accordingly, we overrule the third sub-issue.

Having overruled each of the three sub-issues, we overrule Zahorik's first issue in its entirety.

**B.   The trial court properly granted the MetLife Parties' no-evidence motion for summary judgment because the admitted evidence does not raise a fact issue on the publication element of Zahorik's defamation claim.**

In his second issue, Zahorik contends the trial court erred in granting summary judgment on his defamation claim.

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence motion for summary judgment is basically a motion for pretrial directed verdict and is governed by the standards of Texas Rule of Civil Procedure 166a(i). *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Under rule 166a(i), after an adequate time for discovery, the party without the burden of proof can move for summary judgment on the ground that the respondent has presented no evidence supporting one or more element essential to the respondent claim or defense. Tex. R. Civ. P. 166a(i). The respondent must then present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each element contested in the motion. *See id.*; *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes Inc.*, 124 S.W.3d at 172. Less than a scintilla of evidence exists if the evidence creates no more than a mere surmise or suspicion of a fact regarding a challenged element. *Id.* "We review the evidence . . . in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable

9

to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the respondent satisfies its burden of production on the no-evidence motion, then the trial court cannot properly grant the summary judgment. *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 662 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

"[W]hen there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, the appealing party must negate all grounds on appeal." *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993). Consequently, when a particular summary judgment ground goes unchallenged, we affirm the judgment as to that ground. *PAS, Inc. v. Engel*, 350 S.W.3d 602, 608 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Servs., LLC*, 404 S.W.3d 737, 743–44 (Tex. App.—El Paso 2013, no pet.) ("When a summary judgment ground goes unaddressed, its validity is presumed.").

The MetLife Parties sought summary judgment on all of Zahorik's claims. The trial court's order did not specify the grounds on which it granted summary judgment. Zahorik has challenged the summary judgment only as it relates to the defamation claim. Therefore, we consider the propriety of the summary judgment only to the extent it disposed of the defamation claim, and we affirm the trial court's summary judgment on Zahorik's remaining claims.

As one ground for summary judgment, the MetLife Parties asserted there is no evidence that the MetLife Parties published defamatory statements concerning Zahorik. It therefore fell upon Zahorik to present more than a scintilla of probative evidence that the MetLife Parties published a statement concerning Zahorik that was defamatory. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex.

10

1998). In his response to the MetLife Parties' motion, Zahorik presented only the three affidavits discussed above. The trial court excluded all the affidavit testimony related to allegedly defamatory statements made by the MetLife Parties. In Section A above, we considered the excluded testimony that was related to the defamation claim and overruled Zahorik's appellate issue challenging the trial court's evidentiary rulings. Therefore, we conclude Zahorik failed to bring forth more than a scintilla of evidence on the publication element of his defamation claim. *See Walker v. Schion*, 420 S.W.3d 454, 457 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[W]e cannot consider evidence that was excluded by the trial court unless that evidentiary ruling is timely and successfully challenged on appeal."); *Reed v. Cook Children's Med. Ctr., Inc.*, No. 02-13-00405-CV, 2014 WL 2462778, at *8 (Tex. App.—Fort Worth May 29, 2014, no pet.) (mem. op.) (declining to consider excluded summary-judgment evidence after determining trial court did not err in excluding it).

The trial court properly granted the MetLife Parties' no-evidence motion for summary judgment. We overrule Zahorik's second issue.

**C.      Zahorik did not preserve his argument that the trial court erred when it did not permit him to add a *Sabine Pilot* claim to his petition and did not extend the discovery period after granting the MetLife Parties a continuance.**

We consider Zahorik's third and fourth issues together. In his third issue, Zahorik contends the trial court erred when it did not grant his motion for leave to add a *Sabine Pilot* claim to his petition. In his fourth issue, Zahorik contends the trial court erred when it did not grant his motion asking the court to extend the discovery period after granting the MetLife Parties a continuance. Zahorik did not preserve these complaints for review.

A trial court is not required to consider a motion that is not brought to its

11

attention. *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Murphree v. Cooper*, No. 14-11-00416-CV, 2012 WL 2312706, at *1–2 (Tex. App.—Houston [14th Dist.] June 19, 2012, no pet.) (mem. op.). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *Smith*, 263 S.W.3d at 96. Where the record does not show that the motion was both filed and brought to the attention of the trial court before the final judgment was rendered, error will not be preserved. *See* Tex. R. App. P. 33.1(a); *Smith*, 263 S.W.3d at 96.

Here, with regard to his third issue, the record shows only that Zahorik filed a "Motion for Leave to File Third Amended Petition" on July 3, 2013. The motion indicates that Zahorik wanted to add a *Sabine Pilot* claim to his petition.[3] Zahorik did not set the motion for a hearing, and the record does not show that the motion was brought to the attention of the trial court before the final judgment was rendered. Similarly, with regard to his fourth issue, the record shows only that on February 4, 2014, Zahorik filed a motion to allow additional discovery after the expiration of the docket control order then in effect. Zahorik did not set this motion for a hearing, and the record does not show that the motion was brought to the attention of the trial court before the final judgment was rendered.[4] Consequently,

---

[3] The motion states that a copy of the proposed amended petition is attached as Exhibit A. The motion in the record before us does not include the exhibit.

[4] Zahorik states in his brief that "[t]he motion was heard by the district court but never ruled on." He does not, however, include a citation to the record showing that the motion "was heard." We have not found any evidence in the record supporting Zahorik's assertion. Furthermore, in order to preserve a complaint for appellate review, the record must show that the trial court "ruled on the request, objection, or motion, either expressly or implicitly." Tex. R. App. P. 33.1(a)(2)(A). Here, Zahorik acknowledges that the trial court never ruled on his motion. Additionally, the record does not show that the trial court refused to rule on the motion and Zahorik objected to the trial court's refusal. *See id.* 33.1(a)(2)(B). Therefore, he did not preserve his complaint for appellate review.

Zahorik did not preserve his third and fourth issues for appellate review, and we overrule them. *See, e.g.*, *Murphree*, 2012 WL 2312706, at \*2; *Approx. $1,013.00 v. State*, No. 14-10-01255-CV, 2011 WL 5998318, at \*2 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no pet.) (mem. op.).

## CONCLUSION

Having overruled each of Zahorik's issues on appeal, we affirm the trial court's judgment.

/s/     Marc W. Brown
Justice

Panel consists of Justices Christopher, Brown, and Wise.