**Affirmed and Memorandum Opinion filed July 21, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00291-CV

---

## IN THE ESTATE OF RUTH BAILEY, DECEASED

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 415,772**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a will contest, the appellants contend that the trial court erred in granting summary judgment against them, because they raised genuine issues of material fact regarding the deceased's testamentary capacity. Finding no error in the judgment, we affirm.

### I. BACKGROUND

Ruth Bailey died in 2008 and was survived by four daughters: Iona Grant, Loretta Moss, Nannie Johnson, and Effie Collins. Grant sought to probate a will dated March 18, 2005, and Collins contested the will on the ground, *inter alia*, that

Bailey lacked testamentary capacity on the date the will was executed. Collins also sought to probate an earlier will, and her sisters contested her application. The two actions were consolidated, but in this appeal, the parties discuss only the rulings on Grant's application to probate the 2005 will.

Collins filed a traditional motion for partial summary judgment on the ground that Bailey lacked testamentary capacity on the date that the 2005 will was executed. The motion was supported by a certified copy of a capacity assessment performed by Dr. Shayna P. Lee on August 3, 2004 and filed in a guardianship proceeding concerning Bailey. Dr. Lee diagnosed Bailey with depression and dementia, and stated that the patient was severely incapacitated, requiring round-the-clock care except when sleeping. Dr. Lee reported that Baily "was unaware of the day and year, the place, or the nature of the evaluation"; that "[h]er memory was very poor for remote, recent and immediate recall"; and that Bailey "cannot answer any questions that are relative to her history and life." Dr. Lee further stated that Bailey "is completely unable to communicate any responsible decisions," and that "the dementia process is not expected to improve, and will worsen over time."

Grant, Moss, and Johnson filed a response to the summary-judgment motion and attached the affidavits of Grant, Moss, and two disinterested individuals, each of whom was present when Bailey executed the 2005 will. The trial court granted Collins's motion for partial summary judgment, and ultimately rendered judgment in Collins's favor on her application to probate an earlier will. Grant, Moss, and Johnson challenge the ruling on the partial summary judgment, on which the final judgment was partially based.[1]

---

[1] Specifically, the trial court noted in the final judgment that the 2004 will, which was offered for probate by Collins, had not been revoked, i.e., by the 2005 will that Grant

2

## II. STANDARD OF REVIEW

A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). In considering grounds for reversal, we are limited to those grounds expressly set forth in the summary-judgment motion, answers, or other responses, and may not rely on grounds raised in the appellate briefs or summary-judgment evidence. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). We then review the summary judgment de novo, considering all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

## III. TESTAMENTARY CAPACITY

In a will contest on the ground that the testator lacked testamentary capacity, the relevant inquiry focuses on the condition of the testator's mind on the day the will was executed. *See Lee v. Lee*, 424 S.W.2d 609, 611 (Tex. 1968). A prima facie case of incapacity can be established by evidence that the testator was incompetent at other times, but "only that evidence of incompetency at other times has probative force which demonstrates that that condition persists and 'has some

---

unsuccessfully sought to probate.

3

probability of being the same condition which obtained at the time of the will[']s making . . . .'" *Id.* (quoting 1 McCormick & Ray, Texas Law of Evidence § 896 (2d ed. 1956)); *see also Evans v. Allen*, 358 S.W.3d 358, 367 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("We consider this evidence 'if it demonstrates that a condition affecting the individual's testamentary capacity was persistent and likely present at the time the will was executed.'" (quoting *Bracewell v. Bracewell*, 20 S.W.3d 14, 22 (Tex. App.—Houston [14th Dist.] 2000, no pet.))).

Collins presented such evidence in the form of Dr. Lee's capacity assessment. This evidence was sufficient to meet Collins's summary-judgment burden, and the appellants do not contend otherwise. Thus, the burden shifted to them to produce evidence sufficient to raise a genuine issue of material fact.

In the sole issue presented in this appeal, Grant, Moss, and Johnson contend that the four affidavits they produced in response to Collins's summary-judgment motion contained evidence sufficient to raise a genuine issue of material fact regarding Bailey's testamentary capacity on the day that she executed the will. They fail to mention, however, that the trial court sustained Collins's objections to all four affidavits. Specifically, Collins objected that all four affidavits were conclusory. *See In re Lipsky*, 460 S.W.3d 579, 592–93 (Tex. 2015) (orig. proceeding) (explaining that conclusory affidavits do not create fact questions and are insufficient to defeat summary judgment). Collins additionally objected that the affidavits of interested witnesses Grant and Moss contained declarations that were not of the kind that is capable of being readily controverted, and that Moss's affidavit contradicted the sworn statements that Moss made in Bailey's guardianship proceeding. *Cf.* Tex. R. Civ. P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from

4

contradictions and inconsistencies, and could have been readily controverted.").

It is well-established that we cannot consider evidence that was excluded by the trial court unless that evidentiary ruling is timely and successfully challenged on appeal. *See, e.g.*, *Walker v. Schion*, 420 S.W.3d 454, 457–58 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Because Walker does not challenge the ruling sustaining Schion's objections to his affidavit and excluding that evidence from the trial court's consideration, that evidence also is removed from our consideration."); *Izaguirre v. Rivera*, No. 14-12-00081-CV, 2012 WL 2814131, at \*3 (Tex. App.—Houston [14th Dist.] July 10, 2012, no pet.) (mem. op.) ("Because the trial court granted Rivera's motion striking all of Izaguirre's summary-judgment evidence and that ruling has not been challenged, no evidence supports Izaguirre's appellate arguments."); *In re K.R.S.*, No. 14-07-00080-CV, 2008 WL 2520812, at \*2–3 (Tex. App.—Houston [14th Dist.] June 24, 2008, no pet.) (mem. op.) (holding that the reviewing court must affirm summary judgment where the appellant waited until it filed a reply brief to challenge one of the grounds on which the trial court struck its summary-judgment evidence); *York v. Samuel*, No. 01-05-00549-CV, 2007 WL 1018364, at \*3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2007, pet. denied) (mem. op.) (explaining that because the appellant failed to challenge the trial court's ruling that affidavits relied upon were hearsay, the evidence could not be considered on appeal).

Because the appellants have not challenged the trial court's ruling sustaining Collins's objections to all of their summary-judgment evidence, there is no evidence before us to support the appellants' summary-judgment response. There accordingly is no basis on which to conclude that the appellants have raised a genuine issue of material fact regarding Bailey's testamentary capacity.

## IV. CONCLUSION

For the foregoing reasons, we overrule the sole issue presented, and we affirm the trial court's judgment.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Brown, and Wise.