**Opinion issued March 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00362-CV

————————————

**JEFF LEWIS, Appellant**

**V.**

**AURORA LOAN SERVICES AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Appellees**

On Appeal from the 201st District Court
Travis County, Texas[1]
Trial Court Case No. D-1-GN-11-000618

**MEMORANDUM OPINION**

---

[1]   The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. Misc. Docket No. 15–9054 (Tex. March 24, 2015); *see also* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

This is an appeal from the granting of a no-evidence and traditional summary judgment motion in favor of defendants-appellees Aurora Loan Services and Mortgage Electronic Registration Systems (MERS). We affirm the granting of the no-evidence motion.

## BACKGROUND

### A. Lewis's Claims[2]

Plaintiff-appellant Jeff Lewis sued defendants, requesting an "Ex Parte Temporary Restraining Order, Temporary Injunction, Permanent Injunction, Declaratory Relief, and Damages." Lewis owns a house on Coventry Lane in Austin. He received a notice that a foreclosure was scheduled on the property for December 7, 2010. That notice listed the Original Mortgagee as Lehman Brothers Bank, FSB, with MERS acting as nominee. The notice listed MERS as the current Mortgagee, and Aurora Loan Services as the servicing company.

In response to a request sent to Codilis & Stawiarski—the debt collection law firm—requesting validation of the mortgage debt and proof of any assignments or transfers of the original note, Lewis received a December 2, 2010 notice back that the foreclosure had been cancelled. Also on December 2, 2010, Lewis received a notice from Kahrl Wutscher, LLP that Freddie Mac was the current

---

[2] All of the facts in this section are taken from Lewis's petition.

holder of the mortgage note, but no proof was provided about the transfer from Lehman Brothers Bank, FSB to Freddie Mac.

On February 7, 2011, Lewis received a notice that a non-judicial foreclosure sale was scheduled for Tuesday, March 1, 2011. On March 1, 2011, the trial court signed a TRO preventing the sale of the property until March 11, 2011. On March 11, the temporary injunction hearing was held, but only Lewis appeared. The court continued the TRO and reset the temporary injunction hearing for March 29, 2011. On March 23, 2011, Lewis and Aurora entered into a Rule 11 agreeing to pass on the March 29 hearing and continue the TRO until a later setting on the temporary injunction.

As requested relief, Lewis's petition sought a temporary and permanent injunction to stop the foreclosure sale. He sought damages and attorneys' fees for violations of the Texas Fair Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. Finally, he sought a declaration under the Declaratory Judgment Act that he owes no money to MERS, and that MERS lacks standing to foreclose, as well as attorneys' fees under that Act.

**B.     Defendants' Motion for Final Summary Judgment**

The trial court sent the parties to mediation, but the case was not resolved. On September 12, 2014, three years after Lewis filed suit, defendant-appellees Aurora and MERS moved for final summary judgment on both no-evidence and

traditional grounds. Lewis filed a motion to strike defendants' summary judgment evidence—which consisted of an affidavit by Fay Janati, an employee of Nationstar Mortgage and several mortgage related documents attached as exhibits to Janati's affidavit—and a response to defendants' motion for summary judgment.

Lewis's response to defendants' summary judgment motion did not address the defendants' no-evidence grounds for summary-judgment, and Lewis's response did not attach any evidence. After granting Lewis's motion to strike the defendants' summary-judgment evidence, the trial court granted the defendants' summary-judgment motion, and Lewis timely appealed.

## ISSUES ON APPEAL

Appellant raises two issues on appeal:

1. "The trial court struck the affidavit of Fay Janati; thus, without any affidavit support for summary judgment, the court, as a matter of law, had to deny Appellee's motion for summary judgment because it was unsupported by any admissible evidence. Should this Court reverse the summary judgment?"

2. "Even if this Court upholds the Fay Janati affidavit, the evidence below shows a gap in the chain of title, raising a fact issue as to the ownership of the note and thus its enforceability. Should this Court reverse the summary judgment?"

## STANDARD OF REVIEW

A party may move for both traditional and no-evidence summary judgment. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004); *see* TEX. R. APP. P. 166a(c)&(i). We review the grant of summary judgment, both traditional and no-

4

evidence, de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A party moving for traditional summary judgment has the burden of establishing that no material fact issue exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In reviewing the granting of a traditional summary judgment, we consider all the evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

A movant is entitled to no-evidence summary judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). The trial court "must grant" the motion unless the non-movant produces summary judgment evidence to raise a genuine issue of material fact on the issues the movant has raised. TEX. R. CIV. P. 166a(i). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-

5

minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118

S.W.3d 742, 751 (Tex. 2003).

## ANALYSIS

Appellees argue that the trial court's no-evidence summary judgment must

be affirmed because their no-evidence motion challenged elements of each of

Lewis's claims, and Lewis did not respond to its no-evidence grounds for summary

judgment, much less produce evidence in support of any of his claims. We agree.

The no-evidence portion of Appellees' motion for summary judgment

challenged at least one element of each of Lewis's claims:

> 22. To be entitled to injunctive relief, Plaintiff must show (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.35 Summary judgment is proper because Plaintiff has no evidence that he has a probable right to relief on the causes of action stated in his petition. Likewise, Plaintiff has no evidence that MERS is not a mortgagee entitled to foreclose on the Property pursuant to the Texas Property Code.

> 23. To prevail on a claim for relief under the Texas Debt Collection Act, a plaintiff must prove that the defendant is a debt collector, the defendant committed a wrongful act in violation of the TDCA, the wrongful act was committed against the plaintiff, and the plaintiff was injured as a result of the wrongful act.36 Plaintiff alleges that Defendant Aurora violated section 392.202 of the TDCA. Summary judgment is proper because Plaintiff has no evidence that Defendant Aurora committed a violation of section 392.202 of TDCA or that Plaintiff was injured as a result of such violation.

> 24. To recover under the DTPA, Plaintiff must prove that (1) Plaintiff is a consumer, (2) that Defendants can be sued under the DTPA, (3) that Defendants violated a specific provision of the Act,

and (4) that Defendant's violation was a producing cause of the Plaintiffs' damages. Plaintiff alleges Defendants violated the Act by violating the Texas Debt Collections Act. Summary judgment is proper because Plaintiff does not allege, nor does he have evidence to show, that Plaintiff is a "consumer" as defined by the DTPA or that Defendants can be sued under the DTPA. Likewise, Plaintiff has no evidence that Defendants committed a violation of section 392.202 of the TDCA, and thus, Plaintiff has no evidence that Defendants committed a violation of the DTPA. Finally, Plaintiff has no evidence that he suffered injury as a result of an alleged violation of the Act by Defendants.

25. To be entitled to declaratory relief, Plaintiff is required to establish a justiciable controversy within the trial court's jurisdiction. Summary judgment is proper because, as noted above, Plaintiff has no evidence to support at least one element of every cause of action stated herein, and because Plaintiff has no evidence to support his claim that MERS is not entitled to foreclose on the Property.

(citations and footnotes omitted).

When a non-movant to a no-evidence motion for summary judgment does not address challenged elements or produce evidence raising a fact issue on those elements, the trial court must grant summary judgment in the movant's favor. TEX. R. CIV. P. 166a(i); *Plotkin v. Joekel*, 304 S.W.3d 455, 478 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (no-evidence summary judgment was proper because non-movant "did not address any of the first three grounds" for no-evidence summary judgment, and "his response did not point to evidence raising a fact issue on the challenged elements.").

In his reply brief, Lewis argues that we are required to "examine the entire record" including defendants' summary-judgment evidence, in reviewing the trial

7

court's summary judgment. But defendants' only summary-judgment evidence, proffered in support of its request for traditional summary judgment, was stricken at Lewis's request, and defendants do not challenge that ruling on appeal. It is thus not "record" evidence that we consider. *Walker v. Schion*, 420 S.W.3d 454, 457 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Because the only evidence Walker cites in support of his defamation claim was struck by the trial court in an unchallenged evidentiary ruling, we cannot consider that evidence on appeal."); *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied) ("[I]f the court is barred by rules of law or evidence from giving weight to the only evidence to prove an essential element, summary judgment is proper.").

Lewis also argues that we should consider whether the defendants have standing to foreclose, because the "burden to prove standing is not made by silence, and a no-evidence motion for summary judgment, *in light of the entire record*, under the proper review, should resolve at trial and not at summary judgment." The defendants are not the plaintiffs in this case. Lewis is. Thus, the issue is not whether defendants have standing to maintain this action. Lewis is seeking a declaration that there is a gap in chain of ownership of his mortgage that should preclude foreclosure by defendants. Defendants filed their motion for summary judgment three years after Lewis filed suit, and Lewis has not complained he had an inadequate time for discovery under Rule 166a(i). It was

Lewis's burden to produce evidence in response to defendants' no-evidence motion for summary judgment raising a fact issue on his request for affirmative declaratory relief as to ownership of the mortgage.

Because we have concluded that the trial court properly granted defendants' no-evidence motion for summary judgment, we need not address Lewis's arguments challenging the propriety of traditional summary judgment. *E.g.*, *Martinez v. Leeds*, 218 S.W.3d 845, 849 (Tex. App.—El Paso 2007, no pet.).

We overrule Lewis's first issue.

In his second issue, Lewis argues that "[e]ven if this Court upholds the Fay Janati affidavit, the evidence below shows a gap in the chain of title, raising a fact issue as to the ownership of the note and thus its enforceability." No one has challenged on appeal the trial court's striking of Janati's affidavit, and the only documentary evidence provided in the summary-judgment proceedings below were exhibits to, and proven up by, that stricken affidavit. Accordingly, Lewis's second issue presents nothing for our review.

We overrule Lewis's second issue.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.