**Affirmed and Memorandum Opinion filed February 9, 2023.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00078-CV

## OLIVIA SEGOVIA, Appellant

## V.

## SUZANNE STEBBINS, Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2020-64170**

## MEMORANDUM OPINION

Appellant Olivia Segovia challenges the trial court's summary-judgment dismissal of her negligence claims against appellee Suzanne Stebbins. The order granting Stebbins's motion for summary judgment based on her statute of limitations defense effectively disposed of the only claims asserted by Segovia and operates as a final judgment. In three issues she challenges the order, asserting that the trial court erred (1) by granting the motion after Segovia raised a valid Statue of Limitations tolling argument to which Stebbins failed to respond, (2) by

implicitly finding that the time to file her lawsuit had not been extended under the Supreme Court's Emergency Order, and (3) by any implicit finding that Segovia failed to diligently serve Segovia with her lawsuit. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a motor vehicle accident that occurred on October 5, 2018.  More than two-years later, on October 8, 2020, Segovia filed her personal injury negligence lawsuit against Stebbins.

Stebbins filed her first amended answer on November 9, 2020, asserting that Segovia's claims are barred by the two-year statute of limitations.  Not long thereafter, Stebbins filed her summary-judgment motion based on the two-year statute of limitation under Section 16.003(a) of the Texas Civil Practice and Remedies Code.

In response to Stebbins' summary-judgment motion, Segovia argued that the statute of limitations had been tolled or extended under an emergency order issued by the Supreme Court of Texas.

The trial court granted Stebbins' motion and this appeal followed.

## II. ISSUES AND ANALYSIS

Though we address each issue raised by Stebbins, we approach them as one singular question that calls for us to determine whether the trial court erred in granting summary judgment on the statute of limitations defense in light of the Supreme Court's emergency order related to COVID-19 in effect at the time.

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment.  *M.D. Anderson Hosp. & Tumor Inst. v.*

*Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our *de novo* review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). The only summary-judgment ground before the trial court was Stebbin's affirmative defense on the statute of limitations.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

The parties do not dispute that Segovia's claim accrued on October 5, 2018, the day of the car collision, or that Segovia filed her lawsuit on October 8, 2020. Neither party disputes that the nature of the case is one of "personal injury" such that, barring any other relevant consideration, Segovia would had to have brought her suit not later than October 5, 2020, "two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.003(a).

But in response to Stebbins's motion, Segovia asserted that the limitations period was suspended or tolled by operation of the Twenty-Sixth Supreme Court's Emergency Order Regarding COVID-19 State of Disaster (Twenty-Sixth Emergency Order). We thus review the trial court's implicit rejection of this argument. The pertinent part of the Twenty-Sixth Emergency Order stated:

> 2. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent. . .modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than December 1, 2020.

*Twenty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 135 (Tex. 2020) (September 18, 2020).

This court has previously held that the Supreme Court COVID Emergency Orders do not extend deadlines for perfecting appeals, *Lane v. Lopez*, No. 14-20-00633-CV, 2020 WL 6439689 (Tex. App.—Houston [14th Dist.] Nov. 3, 2020, pet. denied) (mem. op.), nor do they permit a court to extend deadlines once jurisdiction is lost. *Harris County v. Davidson*, 653 S.W.3d 318, 322 (Tex. App.—Houston [14th Dist.] 2022, no pet.). A statute of limitations deadline, however, is an affirmative defense and "not a jurisdictional hurdle." *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.).

Presuming without deciding that the Twenty-Sixth Emergency Order gives the trial court discretion to suspend the statute of limitations, trial courts could just as easily exercise discretion and choose not to. By its terms, the Twenty-Sixth Emergency Order authorizes a trial court to modify *statutory* deadlines "[s]ubject *only* to constitutional limitations." Though the authorization is generally discretionary, i.e. "all courts in Texas *may*", it also imposes a mandate on trial

4

courts to exercise this function "to avoid risk to court staff, parties, attorneys, jurors, and the public."

In affirming a trial court's denial of a motion to dismiss based on late medical expert reports this court recently observed, construing the same language in the *Twenty-Ninth Emergency Order*, that such language does not condition the trial court's exercise of this discretion on evidence that COVID-19 affected the claimant's ability to meet the initial expert-report deadline. *See Ajao v. Hall*, 654 S.W.3d at 28. But that does not mean that the trial court is required to grant all requests for extensions or extend statutes of limitations. The "starting point" for the Emergency Order "is that the trial court 'may' modify or suspend any deadline." *Pescod*, 2022 WL 246858, at *5. In general, "may" is a permissive term that gives rise to discretionary authority or grants permission or a power. *See* Tex. Gov't Code Ann. § 311.016(1); *see Walker v. Schion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Skeels v. Suder*, No. 02-18-00112-CV, 2021 WL 4785782, at *8 (Tex. App.—Fort Worth Oct. 14, 2021, no pet. h.) (mem. op. on reh'g). Consistent with the use of this permissive term, Texas courts have interpreted the emergency orders as generally permitting trial courts to extend deadlines rather than requiring them to do so. *See Kim v. Ramos*, 632 S.W.3d 258, 270 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (collecting cases); *Pescod*, 2022 WL 246858, at *5.

In this case, Segovia's attorneys presented two affidavits from her counsel. One attorney indicated that he was infected with COVID from October 2, 2020 to October 18, 2020, and presented test results to support the statement. Another attorney filed an affidavit that his lawyers and staff had been badly infected for more than a month during the summer, well before the expiration of the statute of limitations. The latter attorney did not indicate what prevented him from filing the

5

lawsuit within the statute of limitations.

We find nothing on this record that would have required the court to act pursuant to the mandatory language to "avoid risk to court staff, parties, attorneys, jurors, and the public." Moreover, Segovia has not argued that any constitutional provision required the trial court to extend the statute of limitations. In light of these findings, we conclude that the trial court did not abuse its discretion by refusing to extend the statute of limitations. *See Broadway v. Lean on 8, Inc.*, No. 03-21-00663-CV, 2022 WL 3691678, at *4 (Tex. App.—Austin Aug. 26, 2022, no pet.). We therefore overrule appellant's second issue.

Because it was Segovia's burden to establish a valid basis to avoid the operation of the statute of limitations and she failed to do so, Stebbins was not required to rebut the argument. We thus, overrule appellant's first issue.

Finally, because we have determined–based on the time of Segovia's filing–that the trial court had discretion to not extend the statute of limitations and accordingly grant the summary-judgment motion on the statute of limitations defense, we need not address the court's order with respect to any implicit finding as to the timing of service. We therefore overrule appellant's third issue.

## III. CONCLUSION

Having overruled each issue asserted by Segovia, we affirm.


/s/     Randy Wilson
        Justice

Panel consists of Justice Bourliot, Justice Hassan and Justice Wilson.

6