**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

12-20615
Summary Calendar

ESTEBAN GONZALEZ,

Plaintiff-Appellant

v.

DUPONT POWDER COATINGS USA, INCORPORATED;
E.I. DUPONT DE NEMOURS & COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-630

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Esteban Gonzalez sued his former employer for age discrimination, retaliation, and interference with pension benefits. The district court granted summary judgment for the employer. On appeal, Gonzalez limits his arguments to the dismissal of his claim for retaliation. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20615

In 1985, Gonzalez began his employment with a predecessor company to the defendant DuPont Powder Coatings USA, Inc.  In June 2008, while working at a DuPont facility in Houston, Texas, he was placed in a six-month probationary status because of a safety violation.  In November 2008, Gonzalez committed two more safety violations.  The supervisor who witnessed the violations prepared written reports on them.  A committee studied the reports and recommended Gonzalez's termination.  The company then sent Gonzalez a termination letter.

Gonzalez filed this suit for discrimination and retaliation based on his age, and for terminating him for the purpose of interfering with his pension under the Employee Retirement Income Security Act, or "ERISA."  The district court granted summary judgment dismissing all claims.

We review a grant of summary judgment *de novo*, "applying the same standard as the district court."  *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).

The only part of the summary judgment contested on appeal concerns Gonzalez's claim that DuPont retaliated against him under the Age Discrimination in Employment Act ("ADEA").  That Act makes it "unlawful for an employer to discriminate against any individual . . . because such individual . . . has opposed any practice made unlawful by this section."  29 U.S.C. § 623(d).  Gonzalez presented evidence that in May 2008, he complained to management that overtime opportunities were made available disproportionately to younger workers.  The district court concluded there was no evidence that made the required causal link between this statutorily protected activity and an adverse

employment action. *Sherrod*, 132 F.3d at 1122 n.8. To make the causal link, Gonzalez "must show that the employer's decision to terminate was based in part on knowledge of the employee's protected activity." *Id.* at 1122. That discharge occurred six months after the complaints about overtime. The district court relied on caselaw from this circuit in determining that a six-month gap between the protected activity and an employer's adverse action is too long by itself to establish a *prima facie* case of a causal connection. *See Barkley v. Singing River Elec. Power Ass'n*, 433 F. App'x 254, 260 (5th Cir. 2011). That decision is not precedential, but it relied on a Supreme Court decision that the two events must be "very close" in time to support causation. *Id.* (quoting *Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273-74 (2001)). We agree that the passage of six months here is too great a delay to support a causal connection.

In addition to finding no causal link solely from temporal proximity and no *prima facie* case of retaliation, the district court also said that DuPont had offered legitimate, nondiscriminatory reasons for the discharge, namely, the safety violations. The district court also held that Gonzalez had not shown any basis to find those reasons were a pretext. There was no error in those rulings.

Gonzalez also argued in the district court, and presses the issue here, that the supervisor who wrote the reports on Gonzalez's safety violations had the intention to retaliate against him and used the disciplinary committee as his unwitting agent to carry out his purposes. The problem with the argument is that its requirements are not supported by evidence. Gonzalez must present evidence: "(1) that a co-worker exhibited discriminatory animus, and (2) that the same co-worker 'possessed leverage, or exerted influence, over the titular decisionmaker.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir.

No. 12-20615

2004). Gonzalez points to no evidence that this supervisor had leverage over or influence on the members of the committee or any ultimate decisionmaker. There also is no evidence to support that the supervisor had a discriminatory animus based on Gonzalez's complaint that overtime was disproportionately given to younger workers.

The evidence in the record does not support this surrogate-retaliation theory.

AFFIRMED.